FRANK DUKES v. THE STATE.

No. 3152.   Decided June 3, 1914.

Rehearing denied June 26, 1914.

**1.—Murder—Sufficiency of the Evidence—Manslaughter.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no error.

**2.—Same—Continuance—Impeachment—Want of Diligence.**

Where the application for continuance, if there was any, showed a want of diligence and that the alleged absent testimony was of an impeaching character, there was no error in overruling same.

**3.—Same—Newly Discovered Evidence—Affidavits.**

Where the motion for new trial on the ground of newly discovered evidence is not supported by affidavit of the claimed witnesses, but the court heard testimony thereon and overruled the motion, there was no error, in the absence of a statement of facts of the evidence on said motion; none being filed during the term of the trial court; besides, if considered, there was no reversible error.   Following Gray v. State, 65 Texas Crim. Rep., 204.

Appeal from the District Court of Rusk.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Futch & Tipps* and *Beard & Davidson,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Under an indictment for murder appellant was convicted of manslaughter and assessed the lowest punishment.

We have carefully read and studied the statement of facts.   The great preponderance of the evidence clearly shows appellant's guilt, in fact, would have justified a higher offense and a greater punishment.   Doubtless the skillful management of his able attorneys succeeded in preventing this.

Appellant made no motion for a continuance.   In his motion for new trial he claimed that he was promised the attendance of a negro woman as a witness and that she would have impeached one of the State's material witnesses.   The record shows that by any ordinary diligence she could have been procured and testified on the trial.   It had so many times been held that even where diligence has been used, the court commits no error in refusing a motion for continuance because of the absence of a witness whose testimony would merely impeach another witness and that such evidence can not be ground for a new trial as newly discovered evidence, that it is unnecessary to cite or collate the cases.

The only other ground for a new trial is that after the trial appellant

discovered new evidence. He swore to his motion on that ground. He did not attach the affidavit of anyone, nor of any of the claimed witnesses by whom he expected to prove newly discovered evidence in support of his motion. However, the court, in considering his motion for new trial on this ground, heard a large number of witnesses and heard all those, it seems whom he presented by whom he would show newly discovered evidence, and after hearing all this, the court overruled the motion.

There is in the record what purports to be a statement of the facts showing all the testimony the court heard in considering appellant's motion for new trial. It has been so uniformly held by this court and so well established that such statement of facts, however preserved, must be filed during term time in order to be considered by this court, that we deem it unnecessary to collate the authorities; but see Hoskins v. State, 163 S. W. Rep., 426, for some of the cases. The term of court at which this case was tried adjourned February 7, 1914. This purported statement of facts of the evidence heard on the motion for new trial was not approved nor filed in the lower court until May 1, 1914, nearly 90 days after adjournment. So that said statement can not be considered by this court, and we must presume that the court was clearly justified in refusing a new trial on the ground claimed. As a matter of fact, without observing that said purported statement of facts was not filed in time, we read it and even if we could consider it, clearly it justified the court in refusing a new trial on the claimed ground.

There is no question but under the authorities appellant's motion for new trial on the ground of newly discovered evidence in no way meets the requisites established by law. For other authorities see sec. 1149, White's Ann. C. C. P., and Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 284. Any number of cases could be cited showing the court committed no error in refusing a new trial in this case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]