## WILL HEMPHILL v. THE STATE.

### No. 3248.   Decided October 21, 1914.

**1.—Rape—Indictment—Race Discrimination—Grand Jury—Challenge to Array.**

Where no proof was offered on the complaint of race discrimination and the record shows that no race discrimination against the colored race was made in selecting the grand and petit jurors, and no request was made by defendant to be brought into court that he might challenge the array of grand jurymen, there was no reversible error; it not being shown that defendant had no opportunity to challenge the array.

**2.—Same—Petit Jury—Race Discrimination.**

Where the defendant moved to quash the panel of special veniremen on the ground that the negro race had been discriminated against, but there was no testimony offered which showed the negro race had been discriminated against because of defendant's race, who was a negro, the motion was correctly overruled.

**3.—Same—Change of Venue—Contest by the State.**

Where, upon trial of rape, the defendant applied for a change of venue, which the State contested, the court heard evidence pro and con, and there was no showing that the court improperly overruled the motion, there was no error.

**4.—Same—Bills of Exception—Change of Venue—Practice on Appeal.**

The action of the trial court in refusing a change of venue will not be revised upon appeal unless the facts upon which the same were based are presented in a bill of exceptions signed, approved, and filed at the term of court at which such order was made, and this rule applies to bills of exception to all matters excepting those relating to questions arising upon the trial of the case.   Following Probest v. State, 60 Texas Crim. Rep., 608.

**5.—Same—Requested Charges.**

Where the requested charges were embraced in the court's main charge, and one of the requested charges which was given, there was no error in refusing same.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence sustained the conviction under a proper charge of the court to which there was no exception, and no exceptions to the evidence admitted or rejected, the conviction must be sustained.

Appeal from the District Court of Guadalupe.   Tried below before the Hon. M. Kennon.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.   See 72 Texas Crim. Rep., 638.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of statement of facts on motion for new trial:   Mikel v. State, 43 Texas Crim. Rep., 617; Black v. State, 41 id., 185; Probest v. State, 60 id., 608; Patterson v. State, 63 id., 297.

On question of challenge to the array of grand jurors:   Barkman v. State, 52 S. W. Rep., 69; Brown v. State, 32 Texas Crim. Rep., 119.

HARPER, Judge.—This is the second appeal in this case, the death penalty being again assessed by the jury on this trial.

Appellant moved to quash the indictment, in his plea alleging that he is a negro, and that men of that race were discriminated against in the selection of the grand jury. The court heard evidence on this plea, and there was no proof offered tending to show that appellant is of that race, but if such proof had been offered, the evidence would wholly fail to sustain the plea. The evidence would show that there are some three thousand white voters in the county, and only about five hundred votes of the negro race, and of this latter class not over 10 per cent are qualified to serve as jurors, making only about fifty negroes in the county qualified to serve as jurors, while there are some three thousand of the white race. The evidence further shows that at least one negro was drawn on the jury panel for the term of court at which the appellant was indicted, and Mr. P. L. Herron, the only member of the jury commissioners placed on the witness stand, testified: "We did not intentionally discriminate against the colored race in selecting the grand jurors and petit jurors at that time. I have no recollection of any discrimination at all. The judge told us to take our time for it and we did. He said that he had got tired of this quick jury business, to stay there until we got through. We did not intentionally fail or refuse to put a man on the grand jury simply on the ground that he was a negro, that I know anything about. The idea of the jury commissioners was to select the best and most responsible men from all over the county."

Again, appellant was under arrest and in jail when the grand jury which indicted him was empanelled, and he made no request to be brought into court that he might challenge the array of grand jurymen nor any member thereof. Neither did he on his first trial make any motion to quash the indictment on this or any other ground at this term of court—it being the third term of the District Court of that county after this indictment had been returned before any such motion was filed. Under such circumstances the motion would come too late, as a motion to quash the indictment on this ground must be seasonably made—when first presented an opportunity to do so. Article 409 of the Code of Criminal Procedure reads: "Any person, before the grand jury has been empanelled, may challenge the array of jurors or any person presented as a grand juror; and, in no other way, shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall, upon his request, be brought into court to make such challenge." It is true, the United States Supreme Court has held that where one has had no opportunity to challenge the array before the empanelling of the jury, he may do so in a plea of abatement at the first opportunity, but in this case appellant was not only in jail when the grand jury that indicted him was empanelled, and made no request to be brought into court to challenge the men selected to serve as grand jurors, but when arraigned for trial he made no such plea and did not question the qualification of the

grand jury.  It is only after he had been tried, convicted, appealed his case to this court, had it reversed, that he makes this plea on being rearraigned for trial, therefore the court did not err in refusing to quash the indictment.

Appellant also moved to quash the panel of special veniremen summoned from which to select jurymen to try him at this term of court on the ground that the negro race had been discriminated against.  One of the jury commissioners, Herman Zipp, testified: "We did not intentionally discriminate against the negro race in the selection of jurors for this term of the District Court, so far as I know, and we did not fail or refuse to put a negro on the jury simply because he was a negro, that was not spoken about.  I selected good men that I knew personally and the other members of the commission selected men they knew, and I can't state now whether there were any negroes on the lists they selected or not."  There was no testimony offered which showed that the negro race had been discriminated against because of his race, and the court correctly overruled the motion.

Application was made praying for a change of venue.  This was contested by the State, and testimony was heard by the court.  Only two witnesses testify to a state of facts that would tend to support the plea—Mr. H. E. Short, one of the attorneys for defendant on the former trial, and a colored man named Walter Coleman.  State Senator Harley and Messrs. Emil Mosheim, W. F. Neubauer, Sam Patton, August Weinert—in fact, all other witnesses introduced, except the two first named, testify that in their opinion appellant could get a fair and impartial trial in Guadalupe County, and under such a showing it would have been improper for the court to have granted a change of venue.

However, there is another matter we would call attention to.  The term of court at which appellant was tried adjourned May 21, 1914. None of the above three bills of exception were filed during that term of court—in fact, not filed until some weeks after court had adjourned. Article 634 of the Penal Code provides: "The order of the judge granting or refusing a change of venue shall not be revised upon appeal unless the facts upon which the same was based are presented in a bill of exceptions, signed, approved and *filed at the term of court* at which such order was made."  The same rule applies to bills of exception to all matters excepting those relating to questions arising upon the trial of the case.  (Probest v. State, 60 Texas Crim. Rep., 609, and authorities there cited.)  We hope that attorneys hereafter will take cognizance of these provisions of the law, and file their bills of exception in term time so that we will be authorized to grant relief should they be entitled to it.  If they do not file them timely, we are powerless to grant any relief.

There are but two other bills of exception in the record, and they relate to the failure of the court to give in charge special instructions Nos. 2 and 3 requested by appellant.  The court gave charge No. 1,

requested by appellant, and it and the main charge of the court fully covered all matters presented in the two refused charges.

No objection was made to the charge of the court at the time it was given, and no exceptions appear in the record to evidence admitted or rejected on the trial. The evidence supports the verdict, and the judgment will be affirmed.

*Affirmed.*