ROBERT THIELEPAPE v. THE STATE.

No. 6214.　Decided May 4, 1921.

Rehearing denied June 8, 1921.

1.—Intoxicating Liquors—Manufacture—Companion Case—Practice on Appeal.

Where many of the questions involved in the instant case have been disposed of in companion cases, they need not be again discussed.

2.—Same—Charge of Court—Sufficiency of the Evidence.

Where defendant who was tried and convicted for the illegal manufacture of intoxicating liquors, claimed that the whisky found upon his premises was not manufactured by him but by parties who had previously occupied the premises, and the court properly submitted this question, together with a charge on circumstantial evidence, there was no reversible error, and the evidence fully sustained the conviction.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of unlawful manufacture of intoxicating liquors; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*Baskin, Dodge & Bishop,* and *Sam S. Beene,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—In this case appellant was convicted for the manufacture of intoxicating liquor, and his punishment assessed at confinement in the penitentiary for one year.

The legal questions presented are identical with those passed upon by the court in a case against this same appellant in cause No. 6212, in which he was charged with the possession of equipment for the manufacture of intoxicating liquor. A discussion of the same questions in this case would only be a repetition, and we refer to the case decided this same day for a statement of the facts, and our views upon the legal questions presented.

As we gather from the record the contention of appellant was that the whisky found upon his premises at the time the officers made the investigation was not manufactured by him, but by parties who had previously occupied the premises. The court instructed the jury upon this issue and pertinently told them "although you may believe from the evidence that the whisky testified about by witness was found on the premises on which he (appellant), lived, yet you cannot convict the defendant unless you believe from the evidence beyond a reasonable doubt that the same was manufactured by him." The court also gave a proper charge upon circumstantial evidence.

The jury were fully warranted in reaching the conclusion that appellant himself had been engaged in the manufacture of intoxicating liquor. The evidence shows that the mash in the majority of the barrels found on appellant's premises was, at the time of the discovery, still in a state of fermentation. The evidence is further to the effect that it takes from six to twelve days for this fermentation to cease, and at the time the officers made the raid in question, the appellant had been upon the premises for more than two months. Sacks of meal were discovered in connection with the barrels containing the mash, and appellant had in his possession, in his car, at the time of

his arrest, three more sacks of meal, and a quantity of sugar. An honest jury could hardly have reached any other conclusion than was reached by the jury in this case.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 8, 1921.

LATTIMORE, JUDGE.—This case was affirmed at a former time and comes before us upon appellant's motion for rehearing. No sufficient reasons appearing in said motion for believing our former opinion incorrect, and concluding that the case was properly disposed of, the motion for rehearing will be overruled.

*Overruled.*