### CHAS. BRADFORD V. THE STATE.

#### No. 6476. Decided November 23, 1921.

**1.—Assault to Murder—Race Discrimination—Waiver.**

Where the question of race discrimination was raised for the first time on motion for new trial, the question as to waiver by failing to present the same at an early stage of the proceedings need not be considered in the absence of evidence supporting the averment in the motion.

**2.—Same—Indictment—Organization of Grand Jury.**

It was incumbent upon the appellant to sustain his attack upon the indictment, and the organization of the grand jury on account of race discrimination, by evidence, and his failure to do so deprives this court of the opportunity to determine whether his motion was true or not. Following Whitney v. State, 43 Texas Crim. Rep., 197, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*R. A. Campbell,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of seven years.

The point was made in the trial court and is brought here for review that appellant, being a negro, was the subject of intentional discrimination in the exclusion of negroes from the grand jury. The question was raised for the first time on motion for new trial. Whether it is waived by failing to present it at an earlier stage of the proceedings we need not consider for the reason that the bills preserved failed to disclose that any evidence was introduced supporting the averment in the motion. It is intimated in the bills that the court excluded evidence, but the nature and character of the evidence is not revealed. It was incumbent upon the appellant to sustain his attack upon the indictment and the organization of the grand jury by evidence. His failure to do so deprives this court of the opportunity to determine whether his motion was true or not. The trial judge having overruled it, and in the absence of knowledge of facts upon which he acted, we must presume that his ruling is correct. Whitney v. State, 43 Texas Crim. Rep., 197; Hemphill v. State, 75 Texas Crim. Rep.. 63, 170 S. W. Rep., 155; Vernon's Texas Crim. Statutes, Vol. 2, p. 180, Art. 389 and note.

The judgment is affirmed.

*Affirmed.*