## GRIBBLE v. STATE. (No. 6960.)

(Court of Criminal Appeals of Texas. May 17, 1922.)

**1. Assault and battery ⬉92 — Testimony of state held sufficient to sustain conviction of aggravated assault.**

Where in a prosecution for aggravated assault committed by forcibly preventing husband of wife being assaulted from going to her assistance, guilt of accused depending entirely upon the guilt of the person committing the assault and whether accused acted with him, the state's testimony as to the occurrence *held* sufficient to sustain conviction.

**2. Criminal law ⬉1091(11)—Bills of exception, consisting of questions and answers, insufficient.**

Bills of exception, consisting of questions and answers, are insufficient.

**3. Criminal law ⬉423(2) — Evidence of assault not made in presence of accused admissible.**

Evidence of wife of husband whom accused forcibly prevented from going to her assistance that she had been assaulted in the absence of the accused *held* admissible, where accused would not be guilty unless he had knowledge of the assault, and was acting with the person making the assault.

**4. Assault and battery ⬉83 — Criminal law ⬉351(4)—Possession of pistol by accused and resistance of arrest admissible.**

In a prosecution for aggravated assault, committed by forcibly preventing husband of wife being assaulted from going to her assistance by the use of a pistol, evidence that when arrested two or three hours thereafter at the house where the offense was committed accused had a pistol, and that his actions tended to show resistance to arrest, was admissible.

**5. Criminal law ⬉1120(4)—Bill of exceptions not pointing out matter for revision not considered.**

Where bill of exceptions stated that a motion was made to strike the testimony of a witness, but fails to state the testimony except by a reference to the direct examination, it cannot be considered on appeal.

**6. Criminal law ⬉424(6)—Flight of one accused with defendant admissible.**

In a prosecution for aggravated assault, committed by forcibly preventing husband of wife being assaulted from going to her assistance, evidence that in a search made the morning after the alleged assault officers failed to find the person committing it, at that time or since, was admissible as tending to establish that the assault upon which the offense against accused was based had been committed.

Appeal from District Court, Childress County; J. A. Nabers, Judge.

W. L. Gribble was convicted of aggravated assault, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for aggravated assault, punishment assessed being a fine of $100 and confinement in the county jail for 12 months.

[1] It was charged against appellant that he, acting together with one Dan Weaver, committed the offense of rape upon Florida Mitchell. Florida Mitchell was a negro woman about 22 years of age, and at the time of the alleged assault she and her husband were at the home of her father. Appellant and Dan Weaver were white men. The state's evidence shows that they came to the house of prosecutrix's father about daylight on the morning of the alleged assault. Both were to some extent under the influence of intoxicating liquor. While prosecutrix and her mother were preparing breakfast prosecutrix went out in the yard to get some chips to put on the fire. Dan Weaver followed her out of the house and made an assault upon her; she claiming that he accomplished the complete act of intercourse without her consent. She screamed while out in the yard, calling her mother to come to her assistance. Her husband undertook to leave the house and go to her, when appellant (Gribble) prevented him from so doing by presenting a pistol at him and keeping him in the house. Appellant disclaims any knowledge of Dan Weaver making an assault on prosecutrix, and denied having prevented any one going out of the house. He is supported in his testimony by that of another witness who was present at the time. The guilt of appellant depends entirely upon the guilt of Weaver and whether appellant acted with him. This was recognized by the court, and the jury were instructed if they had a reasonable doubt as to appellant's knowledge that prosecutrix was out of the house at the time, or of him knowing that Weaver was making an assault upon her, they should acquit him. The state's testimony was accepted by the jury as reflecting the truth of the occurrence, and the evidence is sufficient to support the verdict and judgment.

[2, 3] Motion has been filed by the Assistant Attorney General not to consider bills of exception 1, 2, 3, 5, and 6 because same consist of questions and answers. We have repeatedly called attention to the impropriety of presenting bills in this form. Carter v. State, 234 S. W. 535; Jetty v. State, 235 S. W. 589; Rylee v. State, 236 S. W. 744; Huey v. State, 235 S. W. 887; McDaniel v. State, 237 S. W. 292; Watson v. State, 237 S. W. 298. If the bills should be considered by us, we have been unable to discover therefrom any error committed by the trial court. Bill No. 1 appears to complain because Florida Mitchell was permitted to testify as to the assault made upon her by Weaver out in the yard in the absence of appellant. If appellant, although in the house, knew what Weaver was doing, and prevented others from going to

the assistance of prosecutrix, he would be guilty of acting together with Weaver, and it was therefore pertinent to show what Weaver had done. If Weaver was not guilty of an assault upon prosecutrix, appellant under the facts of this case could not be.

[4, 5] Bills No. 3 and 5 relate to some inquiry made of the deputy sheriff and the justice of the peace about appellant having a pistol at the time he was arrested and his actions with the pistol. We observe no violation of any rule of law in admitting this testimony. He was arrested at the house where the offense is alleged to have occurred, and within two or three hours thereafter. It being part of the state's case that appellant was using a pistol to prevent parties from going to the assistance of prosecutrix while Weaver was engaged in making an assault upon her, it was pertinent to show that a few hours thereafter at the same place he was armed with a pistol, and to also show his actions at the time of his arrest tending to show resistance thereto. We gather from bill of exception No. 4 that a witness by the name of Brinninstool had testified in the case, and that appellant made a motion to have the court strike from the record the testimony of this witness given on direct examination. This bill cannot be considered because it fails to state what testimony appellant was seeking to have stricken from the record except by reference to the direct examination. It does not apprise us of any matter for revision.

[6] Appellant objected to the state proving by the officers that they had made a search for Dan Weaver (appellant's coactor) on the morning after the alleged assault, and that they had failed to find him at that time or at any time since then. Before the state could establish the guilt of appellant it was necessary to establish first that Dan Weaver had been guilty of an assault upon prosecutrix, as Weaver was the principal actor in the transaction. Any evidence pertinent to show his guilt was admissible. It was therefore proper for the state to show Weaver's flight.

We have examined bill of exception No. 2, and have discovered therefrom no error in the ruling of the court.

The judgment is affirmed.