Charlie Stringer v. The State.

No. 6954.  Decided May 24, 1922.

1.—Manufacture of Intoxicating Liquors—Evidence—Search Warrant.

Where it appeared from the facts that the officers went out into the open woods and found defendant engaged in the illegal manufacture of whisky, the court's action in overruling the motion to suppress the officers' testimony, because they had no search warrant at the time, was properly overruled.  Following Rippey v. State, 86 Texas Crim. Rep., 539, 219 S. W. Rep., 463, and other cases.

2.—Same—Indictment—Sale—Matter of Defense.

There was no error in the refusal of the court to quash the indictment upon the ground that same did not allege that the liquor was not being manufactured for the purpose of sale.  Following Ex Parte Mitchum, 237 S. W. Rep., 936.  This is a matter of defense.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of illegally manufacturing intoxicating liquors, the evidence sustained the conviction, there was no reversible error.

4.—Continuance—General Reputation.

Where defendant complained of the overruling of his application for continuance, but it appeared from the record that the absent testimony re- lated to the good reputation of the defendant, which was proved by a number of witnesses, there was no reversible error.  Following Glasser v. State, 90 Texas Crim. Rep., 116, 233 S. W. Rep., 976.

Appeal from the District Court of Van Zandt.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of illegally manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Van Zandt County of the illegal manufacture of intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of two years.

The facts in the case are practically without dispute.  For the State it was shown that certain officers went to the farm of appellant's father, and that at a certain place and on a certain spring

branch discovered in operation two stills by means of which whisky was being manufactured. Appellant was found in charge of said stills and resisted arrest by the attempted use of a shotgun. For the appellant the only evidence introduced was proof of his good reputation as bearing upon an application for suspended sentence presented by him.

Appellant's first bill of exceptions complains of the refusal of the trial court to sustain a motion made by him to suppress certain testimony, the ground of said motion being that said testimony was obtained by the officers without their having been authorized to make any search of his premises by virtue of a search warrant. It appears from the facts that the officers went out into the open woods and found appellant engaged in the illegal manufacture of whisky. No authorities are presented to us by the appellant. We do not believe the fact of the discovery of appellant in the act of the illegal manufacture of the liquor, nor that a still and liquor were there found in his apparent possession and control, could in any event be subject to the objection made by appellant. Rippey v. State, 86 Texas Crim. Rep., 539, 219 S. W. Rep., 463; Thielepape v. State, 89 Texas Crim. Rep., 489, 231 S. W. Rep., 771; Adams v. United States, 192 U. S., 585.

No error appears in the refusal of the trial court to quash the indictment upon the ground that same did not allege that the liquor was not being manufactured for the purpose of sale. Under the amendment to the Dean Law in Chapter 61, Acts of First Called Session of Thirty-seventh Legislature, we do not think it the intent of the Legislature to make unlawful the manufacture of intoxicating liquors only when so made for the purpose of sale. In our opinion, the question of the purpose being one of sale was only intended by the Legislature to enter into the matter of the possessing or receiving of liquor, and that same in no way relates to the question of manufacture. This was decided against appellant in Ex parte Doc Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936.

Since the adoption of the amendment to the Dean Law above mentioned it is not necessary to alleged in the indictment charging a violation of Section 1 of said amended Act, that the liquor was not manufactured, etc., for medicinal, mechanical, sacramental and scientific purposes. By the terms of said amendment the manufacture of liquor for such purposes was put into a separate article and could now be proven as a matter of defense.

There was no error in refusing appellant's motion for an instructed verdict of not guilty. The evidence seems to our minds to fully justify the verdict.

Appellant also complains of the overruling of an application for continuance. Said application was made because of the absence of a number of witnesses, but in his qualification of the bill of exceptions presenting this complaint the trial court certifies that all of said wit-

nesses appeared during the trial save one Smith. The evidence expected from Smith, as stated in the application for continuance, was supporting the good reputation of appellant. This seems to have been established on behalf of the accused by a number of witnesses without any testimony to the contrary from any source. In such case we held in the case of Glasser v. State, 90 Texas Crim. Rep., 116, 233 S. W. Rep., 972, that the refusal of a continuance to get another witness to testify to similar evidence was not error.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*