## M. F. CROWLEY v. THE STATE.

### No. 6931.   Decided May 31, 1922.

### Rehearing Denied June, 1922.

**1.—Transporting Intoxicating Liquors—Statement of Facts—Motion for New Trial.**

The statement of facts embracing the testimony taken upon the motion for new trial cannot be considered on appeal when filed after adjournment of the trial court.  Following Parroccini v. State, 90 Texas Crim. Rep., 320. The statement of facts authorized to be filed after adjournment is limited solely to those facts adduced upon the trial upon the issue of guilt or innocence.  Following Hemphill v. State, 170 S. W. Rep., 154, and other cases.

**2.—Same—Constitutional Law—Conflict of Laws.**

The contention of apparent conflict between the State and National liquor laws, by motion to transfer to the Federal Court and to quash the indictment was correctly overruled.  Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

**3.—Same—Indictment—Purpose of Sale—Negative Averments.**

It is not necessary under the law to allege that the liquor in question was for the purpose of sale, in charging the illegal transportation of the same.  Neither is it necessary, since the amendment became effective, to negative the exceptions in the statute, as they are now defense matters and not descriptive of the offense.  However, this was necesary under the old law.

**4.—Same—Evidence—Practice in Trial Court.**

Where the statement objected to was not in fact introduced in evidence nor referred to during the trial, there was no necessity to act or rule on defendant's motion to suppress said statement.

**5.—Same—Confession—Evidence—Rule Stated.**

Where the instrument contained the proper warning and shows upon its face to have been freely and voluntarily made, the issue to the contrary is not raised by simply urging an objection that the confession is not voluntary.

**6.—Same—Charge of Court—Requested Charge.**

Where, upon trial of transporting intoxicating liquors, the evidence showed that defendant appeared in certain places transporting certain whisky, and other circumstances showing his connection therewith, there was no error in refusing a requested charge to the effect that the confession of the defendant is not alone sufficient to establish his guilt, etc.

**7.—Same—Evidence—Containers of Liquor.**

The court properly permitted the introduction of testimony as to the finding of the cans, or containers, which were found in possession of defendant, who was charged with transporting intoxicating liquor.

8.—Same—Charge of Court—Words and Phrases—Article 743, C. C. P.

Under the facts in the instant case, of transporting intoxicating liquor, it was not necessary to define the word transport in the court's charge, and there was no reversible error under Article 743, C. C. P.

9.—Same—Confession—Argument of Counsel—Practice on Appeal.

Where the court is not placed in possession with reference to the matter used in state's counsel's argument it is unable to discover anything in said argument of a harmful nature, and there is no reversible error.

Appeal from the District Court of Swisher. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of transporting intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. F. Hendrix*, for appellant.—Cited: Fuller v. State, 30 Texas Crim. App., 559; Hammill v. State, 134 S. W. Rep., 601; Davis v. State, 54 Texas Crim. Rep., 249.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for the unlawful transportation of intoxicating liquor. Punishment was assessed at confinement in the penitentiary for two years.

Appellant complains in his motion for new trial that one of the jurors was biased in favor of the enforcement of the liquor law and supports the motion by an affidavit of a party by the name of Dickinson. It appears from the bill attempting to present this matter that evidence was heard upon the motion for new trial, but the same is not included in the bill. There is in the record a statement of facts which appears to be the evidence taken upon the hearing of the motion for new trial, approved by the attorneys and the trial judge. The bill of exceptions upon this issue was not filed in the lower court until February 18, 1922, and the statement of facts was not filed until January 11, 1922. The term of court at which the trial was had adjourned December 4, 1921. The bill of exception and statement of facts can not be considered by us because not filed during the term of court. This has been the uniform holding of this court, since the opinion in Black v. State, 41 Texas Crim. Rep., 185; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W. Rep., 671, and citation of authorities upon this point at page 675 of the latter opinion. The statement of facts authorized to be filed after adjournment of court is limited solely to those facts adduced upon the trial upon the issue of guilt or innocence, and not to the facts adduced upon a hearing of the motion for a new trial. Hemphill v. State, 75 Texas Crim. Rep., 63, 170 S. W. Rep., 154; Ethridge v. State, 74 Texas Crim. Rep., 635,

169 S. W. Rep., 1152; Dukes v. State, 74 Texas Crim. Rep., 300, 168 S. W. Rep., 96; Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 426.

Appellant raised the question of apparent conflict between the State and National liquor laws by a motion to transfer this case to the Federal court, and also by motion to quash the indictment. These questions have all been settled adversely to appellant's contention and will not be discussed. Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199; Chandler v. State, 89 Texas Crim. Rep., 599, 232 S. W., Rep., 337, and many other cases decided by this court subsequent to the opinion in the Gilmore case (supra).

The indictment was returned on June 4, 1921, and alleged the date of the offense as May 28, 1921. Conviction was under the fifth count of the indictment, which was the only one submitted to the jury, and charged that appellant in Swisher County, Texas, did unlawfully, and not for medicinal, mechanical, scientific or sacramental purposes transport intoxicating liquor. Motion to quash this count in the indictment was filed because it failed to allege that the transportation was for the purpose of sale. We judge from appellant's brief that he is relying upon the many cases decided by this court since the amendment to the liquor law adopted at the first and second called sessions of the Thirty-seventh Legislature, page 233, in which it has been held that an indictment charging the possession of intoxicating liquor is defective unless it be alleged that it was so possessed for the purpose of sale. The construction placed upon Section 1 of the amended Act as it relates to the possession of intoxicating liquor does not apply to one charged with the transportation thereof as will be apparent from a reading of said Section, which is as follows:—

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell barter, exchange, transport, export, deliver, take orders for, solicit, or furnish spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, or any other intoxicant whatever, or any equipment for making any such liquors, or to possess or receive for the purpose of sale any such liquors herein prohibited."

It is not necessary under the foregoing Section to allege that the liquor in question was for the "purpose of sale" unless the pleader is attempting to charge the possession or receiving thereof. No. 6954, Stringer v. State (opinion May 24, 1922). Neither is it necessary in charging other offenses under such section since the amendment became effective to negative the exceptions, as they are now defensive matters and not descriptive of the offense. However, the offense in the instant case was alleged to have been committed in May, 1921, and the amendment did not take effect until November 15, 1921: therefore, the pleader in this case properly charged the offense under the law as it was at the time the indictment was returned, and prop-

erly alleged that the transportation was not for medicinal, mechanical, scientific or sacramental purposes. The court properly declined to quash the fifth count for the reasons heretofore stated.

It appears from bill of exceptions number 3 that appellant filed a motion to suppress a statement or confession made by appellant on the ground "that he was assured by deputy sheriff Eubanks that if he would make such a statement he would be released on a fine for drunkenness," and also another statement which it appears from the motion was made to county attorney Jordan. The learned trial judge appends the following explanation:

"At the time the motion was presented I said to defendant's counsel that at this time there was no necessity for a ruling as the statement referred to in the motion might never be offered in evidence; the statement referred to was not in fact introduced nor was it ever offered or referred to during the trial and there was no necessity to act or rule on said motion and the court was never called on again for a ruling."

A confession made by appellant to one Charles Clements, district attorney of Swisher County, was introduced in evidence. The ones referred to in the bill of exception nowhere appear, and no error is shown relative thereto.

When the confession made to the district attorney was offered appellant interposed objection that (a) it covered other matters than transporting liquor, (b) that it was not voluntarily made. The whole confession relates to appellant's connection with the whiskey and his movements therewith; and what he did with part of it, in order to trace to his hands certain containers found in possession of others. No evidence was introduced raising an issue as to the voluntary character, or otherwise, of the confession. The instrument contains the proper warning, and shows upon its face to have been freely and voluntarily made. An issue to the contrary is not raised by simply urging an objection that it was not voluntary.

The following requested instruction was refused:

"You are charged that the confession of the defendant is not alone sufficient to establish his guilt but that any such confession must be corroborated by other evidence."

We do not think the court erred in declining to give the charge. The evidence showed that appellant appeared in the town of Tulia in the night driving a Ford car. He was seen to take out of this car a gallon can, described as looking like a "turpentine" can; he carried it across the street, and it was afterwards found in a trunk; the evidence shows it had contained corn whisky. Another similar can with whisky in it was found in the car, and still another found in a truck in the garage, where the evidence shows appellant had placed it. Built in under appellant's car was a pocket which would hold six of these cans. It could not be seen without getting down and looking

up under the car.  Appellant was himself intoxicated, and from his imprudence as a result thereof, his apprehension came about.  There was ample evidence outside of the confession to show that appellant had transported the liquor into Tulia.  Where an offense is established independent of the confession, the latter may be used to connect the confessor with it, and no necessity exists in such case for a charge similar to that requested.  (See Branch's Ann. P. C., page 1049, for authorities).

The court properly permitted evidence of finding the cans or containers, and their introduction before the jury.  They were traced to the possession of appellant by competent evidence and were therefore admissible.

Exception was reserved in proper manner to the failure of the court to define in his charge the word "transport."  In view of the amendment to the liquor law adopted by the Thirty-seventh Legislature, 1921, we can readily understand why, under some state of facts, it might be necessary for the court to instruct the jury upon the question of what is meant by the "transportation" of liquor, but we fail to perceive why it was necessary under the facts of the instant case, or how an omission to so instruct could have injured appellant. So believing it would be improper to reverse the judgment under Article 743, C. C. P.

In the confession introduced in evidence appellant had stated that he got the whisky at Midland, and while on the way to Tulia he "stopped at McGuire school house, and took a drink, and Potts Parker was with me and I gave him a drink of this whisky."  During the argument of the district attorney he said "Who knows but what there was an entertainment or gathering at McGuire School House when these parties stopped there," and "Potts Parker can explain how this matter is, where is Potts Parker?  Why isn't he here?"  Objection was made to the argument because there was no evidence that any entertainment was in progress at the school house, and because it was an insinuation that appellant was responsible for the absence of Parker.  We are not put in possession of the facts with reference to Parker.  He did not testify.  If his presence would have been beneficial to appellant, then the district attorney had a right to comment on the failure of appellant to produce him as a witness.  We are unable to discover anything in the argument of such a hurtful character as to demand a reversal.

Finding no reversible errors in the record, the judgment will be affirmed.

*Affirmed.*