## GEORGE COPELAND v. THE STATE.

### No. 6994.  Decided October 11, 1922.

### Rehearing Denied November 8, 1922.

**1.—Manufacturing Intoxicating Liquor—Indictment—Purpose of Sale.**

There was no error in declining to quash the indictment and in re fusing the requested charges because the indictment failed to allege that the manufacture of said liquor was for the purpose of sale. Following Ex parte Mitchum, 91 Texas Crim. Rep., 62, and other cases.

**2.—Same—Sufficiency of the Evidence—Search Warrant.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there was no reversible error, and the objection to the evidence because it was not shown that the officers had a search warrant, is not well taken under the facts in this case.

**3.—Same—Rehearing—Statutes Construed—Purpose of Sale.**

It will be observed that that portion of Section 1 of the amendment to the Dean law, which is as follows: "Or to possess or receive for the purpose of sale any such liquor herein prohibited," is set off and separated from the preceding portion of said section which forbids in terms the unlawful manufacture, sale, barter, transportion, etc., of such liquor, and it was not necessary, therefore, that the indictment in the instant case should allege that the manufacture was for the purpose of sale.

**4.—Same—Search Warrant.**

Where the officer's testimony was as to what he found at a given place, to-wit, certain apparatus to be part of a still used in the illicit manufacture of liquor in defendant's absence, would not be subject to the objection that the officer had no search warrant.

**5.—Same—Amendment—Statutes Construed—Purpose of Sale.**

　Appellant's further contention, that since the amendment to the Dean Law authorizes and allows one to possess liquor, if same be not so possessed for the purpose of sale, that the law should be construed to authorize and allow the manufacture, etc., of such liquor, for any other purpose except that of sale, is not well taken.

Appeal from the District Court of Coryell. Tried below before the Hon. J. R. McClellan.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. R. Mears,* for appellant. On question of construction of statute: Sparks v. State, 174 S. W. Rep., 351.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with a penalty of two years in the penitentiary.

It is urged that the indictment is defective in omitting to allege that the manufacture was for the "purpose of sale." Several special charges based upon the same theory were requested and refused. There was no error in declining to quash the indictment and in refusing the requested instructions. The contention has been decided adversely to appellant in Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936; Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159 Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472.

The evidence is positive and establishes beyond question that appellant operated a still and manufactured whisky on premises belonging to one S. B. French. Accused had no interest in the land on which the still was located, and had no legal right on the premises save by sufferance of the owner. The sheriff testified that he went to French's place and found part of a dismantled still, some mash in barrels, and where some appeared to have been poured on the ground. Objection to this evidence was made because it was not shown that the officer had a search warrant. Appellant was not at or about the still at the time, and the record fails to show when or where he was arrested. The owner gave the officer information as to how the still came on his premises, and the record fails to show that he made objection to the presence of the officer. No error appears in the admission of the testimony complained of. Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159. The evidence overwhelmingly established appellant's guilt independent of the sheriff's testimony.

The judgment is affirmed. 　　　　　　　　　　　*Affirmed.*

ON REHEARING.

November 8, 1922.

LATTIMORE, JUDGE.—Appellant again urges that we were in error in our conclusion that under the amendment to the Dean Law appearing in Chapter 61 of the General Laws of Texas, First and Second Called Sessions of the Thirty-seventh Legislature, it was not made necessary that the indictment state and the proof show that the manufacture, transportation, exportation, etc., of intoxicating liquors be for the purpose of sale. We apprehend that appellant entertains a mistaken view of the proper construction of the Sections 1 and 2 of said amendment. Section 1 reads as follows:

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, solicit, or furnish spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxicating, or any other intoxicant whatever, or any equipment for making any such liquors, or to possess or receive for the purpose of sale any such liquors herein prohibited."

It will be observed that that portion of said section which it as follows: "or to possess or receive for the purpose of sale any such liquors herein prohibited," is set off and separated from the preceding portion of said section which forbids in terms the unlawful manufacture, sale, barter, transportation, etc., of such liquor. We adhere to the conclusion announced in the original opinion in regard to the sufficiency of the indictment and to the fact that it is not necessary to allege or prove in a case wherein the charge is manufacturing, transporting, etc., that such manufacture was for the purpose of sale.

Appellant also insists that we did not discuss or pass upon the proposition that was contained in his bill of exceptions No. 5 wherein he urges that the testimony of the sheriff was hearsay and that said officer had no search warrant, etc. An examination of said bill makes it clear that the officer's testimony was as to what he found at a given place, the find consisting of certain apparatus supposed to be part of a still used in the illicit manufacture of liquor. The appellant was not present at the time and place when the officer found said apparatus. Testimony such as this is not hearsay. The finding of such machinery, etc., used in the manufacture of liquor, or the materials commonly used in such process, in any place with which the accused is connected by testimony, is admissible and would not be subject to the objection now urged.

Appellant further urges that since the amendment to the Dean Law above referred to authorizes and allows one to possess liquor if same be not so possessed for the purpose of sale, that the law should

be construed to authorize and allow the manufacture, transportation, etc., of such liquor for any other purpose except that of sale. The Legislature makes the laws and this court is not authorized to construe anything into them unless the language of such statute be ambiguous or so difficult of construction as that its meaning is not clear. We find nothing in the language of the amendment under discussion which lacks clearity. We cannot concern ourselves with any difficulties which may appear to surround the lawful possession of liquor, nor are we concerned as to how one may acquire the liquor whose possession for personal use seems to be allowed by said statute. We can go no farther than to say that said statute in clear and unmistakable terms forbids the manufacture, transportation, etc., of such liquor under pains and penalties.

Being unable to agree with the contentions made by appellant in his motion for rehearing, same will be overruled.

*Overruled.*