## Walter Simmons v. The State.

### No. 7422.   Decided March 14, 1923.

**1.—Manufacturing Intoxicating Liquor—Indictment—Purpose of Sale.**

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in overruling a motion to quash because the indictment did not allege that the manufacture of whisky was for the purpose of sale. Following Springer v. State, 241, S. W. Rep., 159, and other cases.

**2.—Same—Evidence—Expert Testimony—Bill of Exceptions.**

There is no merit in the bill of exceptions complaining of the receipt of testimony of one of the witnesses to the effect that he knew what processes were necessary in converting the mash into whisky, and the statement that it was necessary for it to ferment and boil, the witness having qualified to give this testimony.

**3.—Same—Relationship of Parties.**

There was no error to show the relationship and intimacy between defendant and another, on whose premises, the still and whisky were found, and where defendant was arrested, and also to show the knowledge of defendant that this other party was engaged in manufacturing whisky.

**4.—Same—Charge of Court—Principals.**

It was proper for the court to charge on the law of principles following approved precedent.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of the unlawful manufacture of intoxicating liquor, the evidence supported the conviction, there is no reversible error.

Appeal from the Crim. District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of unlawful manufacture of liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case. No brief on file for appellant.

R. G. Storey, Assistant Attorney General and Jesse M. Brown, Crim. District Attorney for the State.—Cited cases in the opinion.

MORROW, Presiding Judge.—Conviction is for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

From the State's testimony it appears that the State's witness went to the home of one Adams; that he there found some whisky in an out-house on Adams' premises. Adams was present as was also the appellant. There was a still in operation at the time and whisky in the process of making. When the officer entered the house, there were no lights burning, but using a flashlight, he saw the ap-

pellant with a little stick stirring in a barrel which contained mash. The still was sitting on a little oil stove and the mash was getting warm. The fire was burning but there had not been sufficient heat to cause the whisky to "pay off".

Appellant's testimony was to the effect that he was merely a guest of Mr. Adams; that he had no knowledge that he was manufacturing liquor; that he had been in the house only about ten or fifteen minutes at the time the officers arrived; that he was not stirring the mash in the barrel but was standing there waiting for Mr. Adams to come from the house where he had gone for some purpose unknown to the appellant. He admitted on cross-examination that prior to the time the officers came, the light was burning in the room; that Adams turned it off as he went out. He also said that he, at Adams' request, helped to dump the barrel of mash.

Against the indictment the point was made that it did not allege that the manufacture of whisky was for the purpose of sale. This allegation was not necessary. Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep. 159; Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep. 936.

We fail to discern any merit in the bill of exception complaining of the receipt of testimony of one of the witnesses to the effect that he knew what processes were necessary in converting the mash into whisky, and his statement that it was necessary for it to ferment and boil. One of the objections urged was the witness was a non-expert and that the testimony was hypothetical. The bill does not show that the witness was a non-expert. On the contrary, the inquiry touching his knowledge seems to have qualified him to give the testimony.

In order to show the relationship and intimacy between the appellant and Adams, on whose premises the still and whisky were found, and on which the appellant was arrested, it was competent to prove that Adams made his "headquarters" at the garage belonging to the appellant. The bill complaining of this proof reveals no error. The same is true with reference to the inquiry of appellant touching his knowledge of the fact that Adams was engaged in manufacturing whisky and his opportunities for knowing that fact.

It was proper for the court to charge on the law of principals, and the charge upon that subject apparently follows the approved precedents.

The evidence of guilt is not the most satisfactory, but in view of the fact that it was so regarded by the jury and the trial judge, it is sufficient to sustain the State's theory that appellant and Adams were acting together in the unlawful manufacture of intoxicating liquor, and therefore this court does not feel warranted in disturbing the verdict.

The judgment is affirmed.

*Affirmed.*