---

R. L. FORRESTER v. THE STATE.

No. 7263.   Decided May 2, 1923.

1.—Transporting Intoxicating Liquor—Purpose of Sale—Charge of Court.

Upon trial of unlawfully transporting intoxicating liquor there was no error in the court's refusal to instruct the jury that the intoxicating liquor must be transported for purposes of sale. Following Stringer v. State, 241 S. W. Rep., 159, and other cases.

2.—Conflict of Law—Volstead Act.

An attack on the Dean Law because the Volstead Act is in conflict therewith was correctly overruled. Following Ex parte Gilmore, 88 Texas Crim. Rep., 529.

3.—Charge of Court—Transportation of Liquor.

There was no error in the court's refusal to instruct the jury that they must believe beyond a reasonable doubt that the transportation of liquor by defendant was not for mechanical, etc., purposes, the court having so instructed the jury in his main charge.

4.—Search and Seizure—Practice on Appeal.

The complaint that the sheriff had no search warrant when he found the liquor in defendant's car, and that his testimony should have been rejected was correctly overruled. Following Welchek v. State, 247 S. W. Rep., 524.

5.—General Reputation—Rule Stated.

The general reputation of defendant for honesty was not an issue in the case, and the trial court properly sustained the State's objection thereto.

6.—Evidence—Search and Seizure.

The rejection of evidence as to whether the officer had a search warrant and searched the car presents no error.

Appeal from the District Court of Hunt.    Tried below before the Honorable George B. Hall.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Sam D. Stinson and N. E. Peak*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.    Cited case in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of the offense of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

From the statement of facts in this case it appears that appellant was arrested on a public road in Hunt County and that he had in his car at the time about one hundred and twenty half gallon fruit jars of whisky.    On behalf of the appellant a number of witnesses were introduced who testified to his being under twenty-five years of age, and that he had never been convicted of a felony, and that he had a good reputation for being a peaceable, law-abiding citizen. This testimony was offered for its bearing upon appellant's application for a suspended sentence.

Appellant's first complaint is that the trial court refused to instruct the jury that the intoxicating liquor must be transported for purposes of sale.    This contention has been decided against appellant.    Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep. 472.    It is not necessary that the indictment charge the transportation for purposes of sale, nor that the court should submit such issue.    In the same bill of exceptions containing the above complaint appears an attack upon the indictment as charging no offense, the ground of such attack being apparently that the Volstead Act is in conflict with what is known as the Dean act, and that the latter, therefore, can not stand.    In the case of Ex parte Gilmore, 88 Texas Crim. Rep. 529, this contention was decided against appellant.    The authorities have decided adversely the contention made by appellant in his second bill of exceptions asserting that the court should have instructed the jury that they must believe beyond a reasonable doubt that the transportation of the liquor had by appellant was not for mechanical, medicinal, scientifical or sacramental purposes.    We observe that the court instructed the jury that if they found from the evidence beyond a reasonable doubt that the defendant in Hunt county, Texas, on or about March 14, 1922, did unlawfully and not for mechanical, medicinal, scientific or sacramental purposes transport intoxicating liquor,

"you will find him guilty, otherwise you will acquit the defendant."
Appellant is therefore without complaint.

Complaint based on the proposition that the sheriff had no search
warrant at the time he found the liquor in appellant's car and that
his testimony should have been rejected, was decided adversely to
appellant in the case of Welchek v. State, 93 Texas Crim. Rep., 271.

Appellant having introduced witnesses to testify that his reputa-
tion was good as a peaceable, law-abiding citizen, sought further to
ask of a witness if the reputation of appellant for honesty and fair
dealing was good. This was not an issue in the case and the trial
court properly sustained the State's objection thereto.

Appellant's bill of exceptions No. 10 complains of the court's
action in rejecting evidence as to whether the officers had a search
warrant and whether they searched the car or not, presents no error
in view of the opinion in the Welchek case, supra.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*