BUD STOCKTON V. THE STATE.

No. 7868. Decided November 7, 1923.

**Transporting Intoxicating Liquor—Indictment.**

Neither from the motion itself nor in any other manner is this court apprised in what particular the indictment is thought to be defective, and being in approved form there is no reversible error. Following Stringer v. State, 92 Texas Crim. Rep., 92, and other cases.

Appeal from the District Court of Cherokee. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*M. L. Lefler* for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistant Attorneys General, for the State. Cited, cases in opinion.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, with a penalty of one year in the penitentiary.

We find only one bill of exception in the record which complains because the court refused to sustain a motion to quash the indictment. The motion was very general, averring that no offense against the law was charged against accused. Neither from the motion itself nor in any other manner are we apprised in what particular the indictment is thought to be defective. Similar indictments have been sustained in Stringer v. State, 92 Texas Crim. Rep., 92, 241 S. W. Rep., 158; Land v. State, 93 Texas Crim. Rep., 470; Crowley v. State, 92 Texas Crim. Rep., 103; 242 S. W. Rep., 472; Tucker v. State, 94 Texas Crim. Rep., 119, 251 S. W. Rep., 1090.

The evidence supports the verdict, and the judgment must be affirmed.

*Affirmed.*