

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. W. Burkhalter
County Attorney, Throckmorton County
Throckmorton, Texas

Dear Sir:

Opinion No. O-6181
Re: Unlawful transportation
of intoxicating liquor in
dry area; necessity that
complaint, information or
indictment allege trans-
portation for purpose of
sale; requirements as to
charge of court; owner-
ship of liquor.

We are in receipt of your request for our opinion, in which you submit three questions involving interpretation of the Texas Liquor Control Act. Your questions are restated as follows:

"1. Is it necessary to charge in the complaint, information or indictment in a prosecution for unlawful transportation of intoxicating liquor in a dry area that the liquor was transported <u>for the purpose of sale</u>?

"2. In such a case should the judge instruct the jury that the transportation must be <u>for the purpose of sale</u> to be unlawful?

"3. In a prosecution for unlawful transportation of intoxicating liquor in a dry area, is the ownership of the liquor material? In other words, does it make any difference whether or not one owns any interest in the liquor being transported by him, as regards criminal liability?

The prohibitory provisions of the statute relevant to your problems are contained in Section 4 (b) of the Texas Liquor Control Act (Vernon's Annotated Penal Code, Art. 666-4 (b):

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

" It shall be unlawful for any person in any
dry area to manufacture, distill, brew, sell, pos-
sess for the purpose of sale, import into this State,
export from the State, transport, distribute, ware-
house, store, solicit or take orders for, or for
the purpose of sale to bottle, rectify, blend,
treat, fortify, mix, or process any liquor, dis-
tilled spirits, whiskey, gin, brandy, wine, rum,
beer or ale."

We have carefully examined the entire statute, in-
cluding the various exceptions available as defenses to the
quoted section, and we fail to find any provision whatever
to require either allegation, proof or instruction by the
Court that transportation of prohibited liquor must be for
the purpose of sale in order to sustain a conviction for such
transportation in a dry area. In our opinion the holding of
the Court of Criminal Appeals in the case of Crowley v. State,
92 Tex. Cr. R. 103, 242 S. W. 472, followed in a long line
of decisions by that court, is controlling. While it is true
that the Court had under consideration in the Crowley case
the state-wide prohibition act as it existed when the opinion
was rendered, the language employed by the Legislature is sub-
stantially the same in the present statute as it relates to
dry ar as within the state. See also Stringer v. State, 92
Tex. Cr. R. 46, 241 S. W. 159; Forester v. State, 94 Tex. Cr.
R. 295, 250 S. W. 1027.

You are therefore respectfully advised that the
answers to each of the first two questions propounded by you
are in the negative.

In answer to your third question, your attention is
invited to Section 23a, Subdivision 1 of the statute (Vernon's
Annotated Penal Code, Art. 666-23a, Subdivision 1);

"It is provided that any person who purchases
alcoholic beverages for his own consumption may
transport same from a place where the sale thereof
is legal to a place where the possession thereof
is legal."

This section affords a defense to be timely inter-
posed by the accused applicable under the facts of the case,

and it is not necessary to be negatived in the state's pleading. Absent evidence raising the issue, it is, of course, improper to include it in the Court's charge.

Violations of the Texas Liquor Control Act constitute misdemeanors. Section 41 of the act provides the penalty for illegal transportation of liquor condemned by Section 4 (b), or Article 666-4 (b) supra. (Vernon's Penal Code, Art. 666-41.)

In misdemeanor cases it is well settled that all parties participating in an offense are principal offenders and may be prosecuted and punished as such. Therefore, the mere fact that liquor being transported does not belong to the person transporting it cannot legally affect his guilt or innocence or enable him to escape the penal consequences for such transportation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:iw



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN