JOE R. CECIL v. THE STATE.

No. 7043.    Decided June 14, 1922.

Rehearing Denied October 11, 1922.

1.—Transporting Intoxicating Liquors—Requested Charge—Sale.

Where appellant complained of the court's refusal to submit a requested charge to have the jury instructed that unless the transportation of the liquor in question was for the purpose of sale, appellant would not be guilty of an offense, the same was correctly refused, following Ex Parte Mitchum, 90 Texas Crim. Rep., 62, and other cases; besides, nothing appears in the record that the requested charges were properly presented. Following Gibson v. State, 88 Texas Crim. Rep., 281, and other cases.

2.—Same—Evidence—Suit Case.

Upon trial of transporting intoxicating liquors, there was no error in admitting in evidence a suit case in which the officers found quantities of corn whisky.

**3.—Same—Rehearing—Indictment—Purpose of Sale.**

It is not necessary that the indictment for transporting intoxicating liquors allege that the purpose of transportation was for the purpose of sale.

Appeal from the District Court of Titus. Tried below before the Hon. R. T. Wilkinson.

Appeal from a conviction of transporting intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Seb F. Caldwell,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Titus County of transporting intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

Appellant complains because the court refused certain requested charges in which he sought to have the jury instructed that unless the transportation of the liquor in question was for the purpose of sale, appellant would not be guilty of any offense. There appear in the record no bills of exception reserved to the refusal of such special charges. There is no statement upon either of said charges as written or in the approval by the trial court which in any way reflects the fact that such charges were presented to the court after the evidence was concluded and before the argument. Being unable to ascertain this necessary fact from the record, we are compelled to decline to consider the question of the refusal of said special charges. Barrios v. State, 83 Texas Crim. Rep., 548, 204 S. W. Rep., 326; Gibson v. State, 88 Texas Crim. Rep., 281; Gibbs v. State, 88 Texas Crim. Rep. 487. However, if the matter was before the court properly and in a manner to call for our consideration, we would hold the refusal of said special charges on the part of the court below, correct. Ex parte Doc Mitchum, 91 Texas Crim. Rep., 62, 236 S. W. Rep., 936; Stringer v. State, No. 6954, opinion delivered May 24, 1922.

Appellant has several bills of exception complaining of the testimony of witnesses relative to a suit case in which officers found quantities of corn whisky. Mrs. Moore testified that appellant brought said suit case into a restaurant and set it down, and that she saw the officers when they came and investigated the contents of said suit case. Appellant's name was J. R. Cecil. Upon said suit case were the initials J. R. C. In said suit case, in addition to the intoxicating liquor mentioned, was a vest of the same kind of cloth of which were appellant's coat and trousers. We are unable t

agree with appellant that said evidence was inadmissible, or that appellant was not properly connected therewith.

Having examined the record and finding no error committed upon the trial, and believing same sufficiently establishes the guilt of the appellant, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

October 11, 1922.

HAWKINS, JUDGE.—Appellant complains because our original opinion did not discuss his assignment of error based upon the failure of the trial court to quash the indictment because it omitted the charge that the transportation of the liquor was for the "purpose of sale." The disposition of the question raised by the refusal of special charges upon the same issue in effect disposed of the matter adversely to appellant's contention. However, the point has been passed upon directly in Ex parte Mitchum, 90 Texas Crim. Rep., 62, 236 S. W. Rep., 936; Stringer v. State, 92 Texas Crim. Rep., 46; Crowley v. State, 92 Texas Crim. Rep., 103. We regard the matter as analogous to our statute which denounces the carrying of arms "on or about the person." Whenever an indictment so alleges an offense is charged, but if accused can show that he comes within one of the exceptions his defense is complete. We do not agree to the proposition contended for, that the indictment must allege that the transportation was for the purpose of sale. Our reasons appear in the opinion found in the cases cited, *supra.* See also, Copeland v. State, (No. 6994, this day decided.)

The motion for rehearing is overruled.

*Overruled.*