### KELLEY v. STATE.

### Opinion delivered June 19, 1922.

1. HOMICIDE—INSANITY—EVIDENCE.—In a prosecution for murder, where defense was made that accused was partially insane at the time he committed the crime, evidence as to defendant's conduct may be admitted as showing or failing to show general insanity, as an inquiry into one phase of insanity necessarily opens up an inquiry into others, even though such phases may be entirely distinct.

2. HOMICIDE—INSANITY—BURDEN OF PROOF.—In a prosecution for murder where the defense of insanity is set up, the burden is on the accused to establish his insanity by a preponderance of the evidence.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; affirmed.

*Jno. P. Roberts* and *Evans & Evans*, for appellee.

*J. S. Utley*, Attorney General; *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

McCULLOCH, C. J. Appellant was indicted by the grand jury of Logan County (Southern District) for the crime of murder in the first degree, alleged to have been committed by killing one Abe Quinalty by shooting him with a pistol, and on the trial of the case appellant was

convicted of murder in the second degree. On appeal to this court the judgment was reversed on account of an erroneous ruling of the court in admitting evidence concerning the character of the deceased, and also for errors in the court's charge to the jury. 146 Ark. 509. On the remand of the cause, appellant was put on trial for murder in the second degree and was convicted of that degree of homicide.

On the trial below appellant claimed that he acted in self-defense, and it was also claimed in his behalf, as a matter of defense, that when he committed the homicide he was partially insane—that he was afflicted with paranoia or delusional insanity concerning improper relations between his wife and Quinalty. These issues were correctly submitted to the jury, and no error is assigned with respect to the court's charge except as to one of the instructions which related to the question of burden of proof, and that instruction will be discussed later.

. The principal assignment of error relates to the ruling of the court in admitting certain testimony of Dr. Armstrong, a physician, who was introduced as an expert witness by appellant himself. There was propounded to Dr. Armstrong by appellant's counsel a very lengthy hypothetical question, which detailed the previous conduct of appellant according to his counsel's theory of the testimony, and stated as one of the facts to be considered by the expert that appellant "has a hereditary taint of insanity," and the question concluded with the inquiry "whether or not the man with the hereditary taint of insanity was sane or insane at the time of the killing." Dr. Armstrong answered as follows: "I would believe that the man was insane." The prosecuting attorney was then permitted, on cross-examination of the witness, to elicit the statement, in substance, that the witness had been well acquainted with appellant for many years, and that from his observation of appellant's conduct he had never considered the latter to be insane or that he did not know right from wrong, and that appellant had never shown any evidence of insanity.

The contention of appellant is that this testimony was incompetent because it related solely to the question of general insanity of appellant, whereas the claim made in his defense is that he was suffering only from partial insanity. Learned counsel for appellant cite in support of their contention many decisions of this court discussing the distinction between general and partial insanity, but the discussion in all of those cases relates to proper instructions to the jury in considering these questions. *Bolling* v. *State,* 54 Ark. 588; *Taylor* v. *McClintock,* 87 Ark. 243; *Bell* v. *State,* 120 Ark. 530; *Hankins* v. *State,* 133 Ark. 38; *Woodall* v. *State,* 149 Ark. 33.

Nothing in any of those case justifies the conclusion that the fact that where one of the parties to the controversy claims that he acted under an insane delusion the other party is absolutely cut off from all inquiry as to general sanity or insanity. We have recognized in our decisions that there is a distinction between the two phases of insanity and that one may exist without the other to such an extent as to relieve a person from responsibility for his conduct, yet we have never held that in determining the question of partial insanity as an issue of fact there may not be an inquiry concerning general insanity and its relation to the claim of partial insanity. In other words, the jury may consider the conduct of the party as showing, or failing to show, general insanity in order to determine whether or not he is laboring under a delusion. An inquiry into one phase of insanity necessarily opens up an inquiry into the others, even though such phases may be entirely distinct.

It will be noted also that the answer of the witness was broad enough to include general insanity, and for this reason, if no other, the prosecuting attorney was entitled to cross-examine him on that subject. We are of the opinion that no error was committed in that respect.

The court gave the following instruction over the objection of appellant:

"The defendant sets up as one of his defenses that he was insane at the time he committed the offense. The law presumes that he was sane and to have intended the ordinary and natural consequence of his acts. The burden is upon him to prove by a preponderance of the evidence at the time of the commission of the killing he was insane, but if he proves to your satisfaction that he was insane at the time the offense was committed he should be acquitted on that ground."

This instruction is, substantially, in accordance with the law as declared by this court in many cases. *McKenzie v. State*, 26 Ark. 334; *Casat v. State*, 30 Ark. 511; *Coates v. State*, 50 Ark. 330; *Williams v. State*, 50 Ark. 511; *Bolling v. State, supra; Bell v. State, supra.*

In the case last cited the court said: "The law presumes that every man is sane, and that he intends the natural consequences of his act. Therefore, when one is charged with murder in the first degree, and it is admitted that if sane he is guilty as charged, and the plea of insanity is interposed as his defense, in such cases the burden is upon the accused to establish his insanity by a preponderance of the evidence."

The language of the instruction is inaccurate in using the term "to your satisfaction" but when construed as a whole the instruction merely declares that the burden was on the accused to prove insanity by a preponderance of the testimony.

Counsel ask us to overrule those cases and to hold with the line of decisions in certain other States to the effect that the question of sanity of the accused is a part of the State's case and must be proved like all other material allegations. The rule which we have adopted has been long followed and is not only firmly established in our jurisprudence, but it seems to us to be the correct rule, for if there is a presumption of sanity it is not a part of the State's case to prove it, and where the defense of insanity is set up the burden is upon the accused to prove it by a preponderance of the testimony.

These are the only assignments of error discussed by counsel, and are the only ones we deem it necessary to refer to in this opinion.

The record is free from error, and the verdict is abundantly sustained by the testimony.

Affirmed.