A. A. McNeil v. The State.

No. 6767.    Decided December 6, 1922.

Rehearing denied January 17, 1923.

**1.—Transporting Intoxicating Liquor—Whisky—Purpose of Sale—Indictment.**

Where the alleged transported liquor was described in the indictment as whisky capable of producing intoxication, the same was sufficient. The law denouncing the transportation of intoxicating liquor is not qualified by the words, for the purpose of sale. Following Ex Parte Mitchum, 91 Texas Crim. Rep., 62.

**2.—Same—Sufficiency of the Evidence—Intoxicating Liquor—Whisky.**

The evidence in the case supports the averment that defendant was transporting whisky, and there was no evidence that the whisky contained a percentage of alcohol under one per cent by volume, and there is no error. Following Estell v. State, 240 S. W. Rep., 914.

**3.—Same—Indictment—Per Cent of Alcohol—Charge of Court.**

In the absence of evidence to that effect, it is not necessary to charge a jury that it was not unlawful to transport alcoholic liquor which did not contain an excess of one per cent of alcohol by volume, and the evidence being sufficient there is no reversible error.

**4.—Search and Seizure—Evidence—Arrest—Escape.**

Where the liquor was seized by the officers when the defendant was arrested in an automobile in which he was traveling on the public road,

trying to escape, there was no error in refusing to exclude the evidence thus obtained. Following Brown v. State, 242 S. W. Rep., 218, and other cases.

**5.—Same—Charge of Court—Burden of Proof.**

There was no error in refusing appellant's special charge to the effect that the burden was upon the State to prove beyond a reasonable doubt that the whisky was not transported for medicinal, mechanical, scientific or sacramental purposes. Following Roberts v. State, 234 S. W. Rep., 89. However, the court did so charge the jury.

**6.—Same—Charge of Court—Lawful Possession.**

There was no error in refusing a charge that if the intoxicant came into possession of appellant at a time when it was not unlawful, as there was no such evidence to support same.

**7.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions to certain evidence is violative of the rule which requires the facts to be stated succinctly, and was not in a narrative statement, the same cannot be reviewed on appeal. Following Jetty v. State, 235 S. W. Rep., 590, and other cases. Besides, when the evidence is considered the same was admissible, and there was no reversible error.

**8.—Same—Remarks by Court—Sufficiency of the Evidence—Incautious Remarks.**

Where, upon trial of unlawfully transporting intoxicating liquor, the bill of exceptions in question reflected an incautious utterance, which, however, was not such as requires a reversal, as no injury was shown, there is no reversible error. Following Furlow v. State, 41 Texas Crim. Rep., 12, and other cases; besides, there was no evidence that the defendant was transporting the liquor to be used as medicine by himself nor by any other person, and the evidence being sufficient to sustain the conviction there was no reversible error.

**9.—Same—Rehearing—Search and Seizure—Evidence.**

Liquor taken from appellant's car was properly admitted in evidence, though the officers had no search warrant. Following Welchek v. State, recently decided, and the indictment charging that the liquor was whisky and intoxicating, and the evidence supporting said allegation, and the transportation being proved, there was no reversible error.

**10.—Same—Remarks by Judge—Bill of Exceptions.**

Where the bill of exceptions nowhere states any evidence relative to which any comment of the court might be pertinent, and there was no comment made upon the weight of any testimony then before the court, there was no reversible error.

Appeal from the District Court of Randall. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Stone, Miller & Guleke,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The liquor transported was described as "whisky and intoxicating liquor capable of producing intoxication." The law denouncing the transportation of intoxicating liquor is not qualified by the words: "for the purpose of sale" found in Sec. 1, Chap. 61, Acts of the Thirty-seventh Legislature, Second Called Session; Cecil v. State, 92 Texas Crim. Rep., 359; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472; Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep,. 936. The evidence in the case supports the averment that the appellant was transporting whisky. We find no evidence that the whisky contained a percentage of alcohol under one per cent by volume. Sections 1 and 2 of the Acts of the Thirty-seventh Legislature, *supra,* defines separate offenses. Estell v. State, 91 Texas Crim. Rep., 481, 240 S. W. Rep., 914.

The indictment against the appellant was under Section 1. In the absence of evidence to that effect, it was not necessary to charge the jury that it was not unlawful to transport alcoholic liquor which did not contain an excess of one per cent of alcohol by volume. The jury was told, both in the main charge and in a special charge given at the request of the appellant, that unless the liquor was capable of producing intoxication, an acquittal must result. The proof supports the jury's verdict that the liquor transported was whisky, a liquid which the courts judicially know as intoxicating. Pike v. State, 40 Texas Crim. Rep., 613; Maddox v. State, 55 S. W. Rep., 832; Cyc. of Law & Proc., Vol. 23, p. 61; Black on Intoxicating Liquors, Sec. 12.

At the time of his apprehension, the appellant had in his possession in an automobile in which he was traveling on the public road a quantity of whisky. Several officers pursued and arrested him and took possession of the whisky. Upon these facts the court was not in error in refusing to exclude the evidence thus obtained. Our statutes, Article 259 and 261 authorize a peace officer to arrest one who in his presence commits a felony or who, having within the knowledge of the officer, committed a felony and is about to escape, there being no sufficient time to secure a warrant, and the person or effects of the offender may be searched and the evidence of the crime seized without transgressing the rule prohibiting unreasonable searches and seizures. Brown v. State, 92 Texas Crim. Rep., 147, 242 S. W. Rep., 218; Jones v. State, 85 Texas Crim. Rep., 546, and cases therein cited.

There was no error in refusing appellant's special charge to the effect that the burden was upon the State to prove beyond a reasonable doubt that the whisky was not transported for medicinal, mechanical, scientific or sacramental purposes. The burden in this respect was upon the appellant. Roberts v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 89. The court, however, did so instruct the jury in its main charge, thereby favoring the accused to an extent which the law did not require.

There was no evidence that the intoxicant came into the possession of the appellant at a time when it was not unlawful. No charge on that subject was required.

The arrest, it seems, was made within a few miles of the city of Amarillo. Prior to his arrest, the appellant had called over the telephone the witness Allen and told him that he (the appellant) would be in Amarillo in Potter County that night about one o'clock. Allen told him that the store would be closed but that he might come to his room and sleep with him. Allen was in the wholesale drug business and testified that he had never bought any whisky from the appellant for medicinal purposes nor for any other purpose, but that on a previous occasion, the appellant had given him one or two drinks of whisky. These, however, were merely social courtesies.

At the time of the offense and at the time of the trial, it was unlawful to possess intoxicating liquor save for certain purposes named in the Constitution. One count in the indictment charged the unlawful possession of such liquor, and upon the trial, testimony relevant to that issue, as well as that of transporting the liquor, was available to the State. It is not made clear how the transaction referred to would bear upon either issue. The bill of exceptions is not so drawn as to negative its doing so. Moreover, the bill is violative of the rule which requires the facts to be stated succinctly. Instead of containing a narrative statement such as would reveal the ruling of the court, and so much of the evidence as briefly stated would illustrate the error complained of, it consists of a transcription of the stenographer's notes in question and answer form. See Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 590; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744; McDaniel v. State, 90 Texas Crim. Rep., 636, 237 S. W. Rep., 292; Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W. Rep., 298; Alley v. State, 92 Texas Crim. Rep., 194, 241 S. W. Rep., 1024; Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W. Rep., 1029. We are unable to determine from the bill that there is error in receiving the testimony

The possession in his automobile of a quantity of whisky at the time of his arrest is not controverted. It is also shown that he was traveling in the direction of the city of Amarillo which was nearby. It is not believed that the fact that he, on another occasion, had a bottle of whisky in Amarillo and gave a friend of his one or more drinks of it was of such harmful nature as to vitiate the verdict against him. Particularly is this true when it is recalled that the lowest penalty permitted by law is assessed. The transaction complained of, so far as the bill reveals, was not under circumstances that rendered the appellant guilty of an offense other than the one for which he is on trial.

During the examination of the witness Foster, appellant's counsel propounded to him this question:

"Yes, that is what I say as usual. Well, was he sick or not, Mr. Foster?"

The court refused to sustain the objection to this question, though the bill does not reveal what answer was made nor what preceded the question. The supposed error at which the bill is directed, however, is the comment by the trial judge which was, in substance, that the appellant being charged with the possession and transportation and not charged with the selling of intoxicating liquor, it would be no defense to show that he gave it to someone else for medicinal purposes. It is insisted that this was a comment forbidden by law which inhibits remarks of the court indicating his opinion as to the weight of the evidence or in any way discussing the facts. Code of Crim. Proc., Articles 735 and 736. The bill in question reflects an incautious utterance of the trial court. It is not every such utterance, however, that requires a reversal. Those only that probably injured the accused will do so. Furlow v. State, 41 Texas Crim. Rep., 12, and other cases listed in Branch's Ann. Texas Penal Code, Sec. 269.

In the instant case there was no independent defensive evidence, and if we properly comprehend the record, there was no evidence that the appellant was tranporting the liquor to be used as medicine for himself or any other person. In this state of the record, we believe that the bill reveals no reversible error.

The record is a very voluminous one, containing fifty-six bills of exceptions. We have examined them but deem it inexpedient to write about them in detail further than to say that from them we discern no harmful error committed by the trial court in the conduct of the case. The evidence we deem quite sufficient to support the conviction.

The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

January 17, 1923.

LATTIMORE, Judge.—The allegation as to the character of liquor transported by appellant appears from the indictment to be that it was "whisky and intoxicating liquor." This was sufficient. The proof showed whisky and that in the opinion of an experienced witness same contained eighty per cent alcohol. This sufficiently met the allegation as to the character of said liquor. The undisputed proof showed the transportation by appellant in his car of eight gallons of whisky from Canyon in Randall County to the point of arrest near Amarillo in Potter County. This sufficiently made out transportation. Liquor taken from appellant's car was properly admitted in evidence, though the officers had no search warrant. Welchek v. State, opinion recently handed down. Submission of the issue as to

the acquisition of the liquor by appellant prior to the adoption of the Dean Law, was not called for by any evidence adduced.

Following a question asked Mr. Foster: "Well was he sick, Mr. Foster?" appellant's bill of exceptions No. 23 sets out a discussion of the law applicable to certain facts, followed by the statement by appellant's counsel of the withdrawal of the question if the court thought it immaterial. The court said he did so think. Appellant's counsel then said he thought the other question immaterial. The court replied that he asked the question in order to find out. Appellant's counsel then said he thought both questions immaterial. At this point another of appellant's counsel made the following statement:

"Your Honor, we are not so sure about that as a matter of law, and we want to take a bill of exception to the courts's statement, which, I understand to be, in substance, if he had it to give to somebody else for medicinal purposes it would be no defense, or. if he transported it to somebody else it would be no defense. If there is any error in my statement of the bill, I would like to have it corrected now.

"The Court: Allright.

"Mr. Guleke: Defendant excepts to the ruling of the court and we object further because it is a comment on the weight of the evidence."

We quote this statement of the ground of appellant's objection in order to make it plain that there was no sufficient complaint of any comment by the trial court on the weight of any evidence then accepted or rejected. Said bill of exceptions nowhere states any evidence relative to which any comment of the court might be pertinent. Appellant contends that the court should have submitted the question of his right to transport liquor for purposes of sale to a drug company in Amarillo. We have carefully examined the record and find ourselves unable to detect any evidence raising the issue. The druggist testified that he had never bought any liquor from appellant and that he made no engagement or contract to buy any on this occasion, nor was anything said between them of any purchase. The conversation had over the telephone between appellant and said druggist seems only to reflect the fact that appellant desired a. place to sleep after reaching Amarillo on the night in question. Appellant also complains of certain remarks of the trial court to the effect that when insanity was an issue in a case, that the point involved was the knowledge of the accused of the right or wrong of the particular transaction charged. We are unable to conclude this a comment on the weight of any testimony then before the court. A witness had been asked if he thought appellant's mind to be unsound and had testified that he did. This testimony remained for the consideration of the jury, and the statement by the court apparently was of a correct principle of law and seems to have been intended merely as an an-

nouncement of the court's conclusion as to what should be shown by proof in the case.

Finding no error in the record, appellant's motion for rehearing will be overruled.

*Overruled.*