### J. C. HARRISON v. THE STATE.

No. 7615.   Decided May 2, 1923.

Rehearing denied October 24, 1923.

**1.—Transporting Intoxicating Liquor—Indictment.**

It was not necessary to allege in the indictment that the transportation of the liquor was for the purpose of sale. Following Crowley v. State, 92 Texas Crim. Rep., 103, and other cases.

**2.—Same—Evidence—Other Transactions.**

Where, upon trial of transporting intoxicating liquor, the proof showed that part of the liquor found was white corn whisky and part red whisky, there was no error in admitting evidence that there was also found in appellant's possession a bottle containing coloring material.

**3.—Same—Argument of Counsel.**

In view of the facts and the qualification by the trial judge to the bill of exceptions relative to argument of the district attorney, no error is presented.

**4.—Same—Rehearing—Res Gestae.**

This court is unable to conclude that testimony of the finding of certain coloring matter in possession of defendant was not part of the *res gestae* of the transaction.

**5.—Same—Argument of Counsel—Suspended Sentence.**

Where the argument of State's counsel was in response to that of defendant's counsel with reference to a comment on suspended sentence cases, there was no reversible error.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Bartlett & Patman* for appellant. On question of argument of counsel, Johnson v. State, 138 S. W. Rep., 1021; Beason v. State, 67 id., 96.

95 T. C.—33

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon his plea of guilty to transportation of whisky appellant's punishment was assessed at one year in the penitentiary.

It was not necessary to allege in the indictment that transportation of the liquor was for the purpose of sale. Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 572, Cecil v. State, 92 Texas Crim. Rep., 359, 243 S. W. Rep., 988; Copeland v. State, 92 Texas Crim. Rep., 554, 244 S. W. Rep., 818; McNeil v. State, 93 Texas Crim. Rep., 259, 247 S. W. Rep., 536.

At the time appellant was arrested he was found in possession of twenty-nine half-gallon fruit jars of whisky. He had broken some of the bottles or jars before the officers could overtake the automobile in which he was transporting it, but admitted to them at the time of the arrest that he had started with eighteen gallons. The State proved over objection that there was also found in appellant's possession along with the whisky a pint beer bottle about half full of coloring material such as is used for coloring white whisky red, the objection being that it tended to prove other offenses against accused, viz, either of selling whisky or of having it in possession for the purpose of sale, and that it was prejudicial to appellant in the jury's consideration of his plea for a suspended sentence. The objections are not tenable. The proof shows part of the liquor found was white corn whisky, and part red whisky. The presence of the coloring material was *res gestae.* The jury were properly put in possession of all the facts to enable them to fix the punishment and exercise their judgment in passing upon the issue of suspended sentence.

In view of the fact and the qualification of the trial judge to the bill of exceptions relative to argument of the district attorney no error is presented.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 24, 1923.

LATTIMORE, JUDGE.—Our statute requires the introduction of some evidence whenever the accused in a felony case enters a plea of guilty, but there is no statutory designation of what evidence shall be introduced. It is made to appear that at the time appellant was arrested with the liquor in question he had in his possession a quantity of coloring matter presumably to effect the color of the liquor

before it was sold or delivered as the case might be. We are unable to conclude that testimony of the finding of such coloring matter was not part of the *res gestae* of the transaction, nor that its admission was contrary to the contemplation of the statute.

Complaint is also renewed of the statement made by the prosecuting attorney to the jury in which he said:

"If all juries suspend sentences in cases of this kind fellows like the sheriff and myself should just as well throw up our hand and quit."

This was not a comment on any evidence not before the jury, nor was it any abuse or vituperation nor does it seem to be in the nature of an appeal to the passion or prejudices of the jury, and could have been understood by them but as a mere expression of opinion by the prosecuting attorney. The trial court qualified the bill of exceptions by saying that the statement was in reply to argument of the defense. It seems that the defense was arguing in favor of granting a suspended sentence upon the proposition that perhaps the object of the law granting it was to reform offenders, and it is stated that the argument objected to was in reply to this character of argument by appellant's counsel. We are unable to bring ourselves to believe the error, if any, of the argument to be such as to call for a reversal of the case, and the motion for rehearing will be overruled.

*Overruled.*