## MARION FORD v. THE STATE.

### No. 8107.   Decided March 5, 1924.

### Rehearing denied May 7, 1924.

**1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully selling intoxicating liquor, the evidence supported the conviction, there is no reversible error.

**2.—Same—Continuance—Want of Diligence.**

Where appellant's application for continuance failed to show the slightest diligence, the same was correctly overruled.

**3.—Same—Introducing Testimony—Practice of Trial Court—Venue.**

Where the State had omitted to prove venue after it had rested its case and thereupon called a witness announcing that it would simply prove venue, there was no error in overruling the objections to this procedure, argument not having been concluded at the time.

**4.—Same—Requested Charge—Practice in Trial Court.**

Where the bill of exceptions failed to show that the requested charge instructing the jury to return a verdict of not guilty was presented to the court before the main charge was read to the jury, there is no reversible error.  Following:  Cecil v. State, 92 Texas Crim. Rep., 359, and other cases.

**5.—Same—Rehearing—Sufficiency of the Evidence.**

Where, upon trial of unlawfully selling intoxicating liquor the evidence sustained the conviction, there is no reversible error.

Appeal from the District Court of Lamar.   Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*C. Alfred Martin,* for appellant.   On insufficiency of the evidence: Jones v. State, 40 S. W. Rep., 807.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor with punishment assessed at confinement in the penitentiary for one year.

We see no necessity for setting out the evidence.   It is amply sufficient to support the verdict.   It is apparent to us, and must have been to the jury, that the prosecuting witness was testifying reluctantly and trying in every way possible to shield appellant, but notwithstanding this his evidence makes out a complete case.

No error was committed in overruling appellant's application for continuance. It fails to show the slightest diligence.

Leo Burton was with prosecuting witness Stewart at the time he went to the home of appellant, made inquiry for and obtained the whisky. After using the witness Stewart the state rested its case, having omitted to prove venue. Appellant also rested. The State then called the witness Burton whereupon the court announced that his evidence would be confined to proving venue. The district attorney asked the witness in what county it was that he and Stewart got the whisky, to which Burton replied that it was in Lamar County, Texas. Appellant interposed objection because both the state and appellant had rested their case. It is within the sound discretion of the court under Article 718 C. C. P. to permit evidence at any time before argument is concluded where the ends of justice demand it. We observe no abuse of such discretion in the present instance.

Appellant requested the court to instruct the jury to return a verdict of not guilty. The bill bringing this matter forward for review might be dismissed with the statement that it fails to show that the charge was presented to the court before the main charge was read to the jury, or to show that appellant reserved exception to the refusal of the charge; (Linder v. State, 94 Texas Crim. Rep., 316, 250 S. W. Rep., 703; Crane v. State, 91 Texas Crim. Rep., 304, 240 S. W. Rep., 920; Cecil v. State, 92 Texas Crim. Rep., 359, 243 S. W. Rep., 988) but if it was in fact presented in a timely manner the court properly refused it.

No errors appearing in the record, the judgment will be affirmed

*Affirmed.*

ON REHEARING.

May 7, 1924.

MORROW, PRESIDING JUDGE.—The date of the offense was laid in December, 1921. Claude Stewart was named as the purchaser. He testified that he, in company with Leo Burton, got a quart of whisky for which he paid $2.25. They saw the appellant before obtaining the whisky. Responding to their inquiry about obtaining whisky, he said that he might tell them which way to go to get it. They went about 400 yards into the woods and waited. Some one called, and the appellant appeared at a point about fifteen feet from Stewart and his companion. The witness then got the whisky from near a log and laid the money on the log.

It affirmatively appears that there was no one else connected with the transaction save the appellant, Stewart and Burton. Stewart had known the appellant all his life.

Burton testified that he was with Stewart a part of the time when the whisky was obtained and that the transaction took place in Lamar County in December, 1922.

The jury was warranted, upon the entire record, in concluding that the transaction to which Burton and Stewart testified was the same; this, notwithstanding the apparent discrepancy in the date.

The motion is overruled.

*Overruled.*