trix, while in defendant's office, had cursed and abused defendant's wife in his presence, refusal of requested instructions submitting theory that defendant had right to use necessary force to remove prosecutrix *held* error.

Commissioners' Decision.

Appeal from Tarrant County Court at Law; P. W. Seward, Judge.

J. T. Weddington was convicted of an aggravated assault, and he appeals. Reversed and remanded.

McLean, Scott & Sayers and W. W. Alcorn, all of Fort Worth, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is an aggravated assault, and the punishment is a fine of $250. [1, 2] The evidence, while greatly conflicting, is entirely sufficient to support the verdict of the jury in the event they believe the state's testimony. There are no bills of exception contained in the record. There is what is termed defendant's exception to the charge of the court, but this is not signed by the trial court, and in nó way shows that it was ever called to his attention. Defendant's special charges 1 and 2 are contained in the record, but do not show that they were presented to the court before his main charge was read to the jury. They are simply designated special charges 1 and 2 offered by the defendant, and are marked "refused" and "signed" by the trial judge, and show that defendant excepted. It is necessary that the record show in some manner that a special charge was offered and refused by the trial judge before his main charge was read to the jury. In the absence of showing to this effect, they will not be considered on appeal. Archbell v. State, 97 Tex. Cr. R. 337, 260 S. W. 867; Crane v. State, 91 Tex. Cr. R. 304, 240 S. W. 920; Cecil v. State, 92 Tex. Cr. R. 359, 243 S. W. 988.

Finding no error in the record, the judgment is in all things affirmed.

On Motion for Rehearing.

BETHEA, J. The appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $250.

At a former term this case was affirmed. Appellant in due time filed his motion for rehearing, and asked for a writ of certiorari to perfect the record. The case will now be considered on the record as perfected.

The evidence shows that prosecutrix and her husband and her mother went to the office of appellant, and while there she was assaulted by appellant. The theory of the state was that this was done without any provocation on the part of the prosecutrix, and that appellant struck her, bruising her body and tearing her clothes considerably. The the-

ory of the appellant was that the prosecutrix, together with her mother and her husband, came to his office, and entered into a heated discussion with him and his wife; that, while in his office, prosecutrix cursed and abused the wife of appellant, applying to her opprobrious epithets, calling her, among other things, a "God-damned whore"; that he attempted to remove her from his office, but was prevented from doing so by the husband of the prosecutrix, who was the son of appellant; that he never struck the prosecutrix or inflicted upon her any injury whatever. Appellant contended that he had a right to use such force as was necessary to remove her from his office or place of business.

[3] The learned trial judge failed to present to the jury in his main charge appellant's defensive theories in the case; the charge was excepted to for this omission; and the appellant requested an affirmative presentation of these theories as shown by his special charges 1 and 2, both of which were refused, as appears from bills of exceptions 1 and 2. The issues of fact should have been passed on by the jury under proper instructions from the court. These issues were embraced in both of appellant's special charges requested and refused. Savage v. State, 92 Tex. Cr. R. 520, 244 S. W. 1002.

For the error of the trial court in not giving appellant's special charges Nos. 1 and 2, both of which presented clearly and affirmatively appellant's defensive theories, the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**RANEY v. STATE. (No. 10375.)**

(Court of Criminal Appeals of Texas. Jan. 12, 1927.)

1. Larceny ⟨⟩40(10)—Allegation of individual's ownership of ring stolen and testimony that he was member of company and in possession of ring, when taken, held not fatal variance.

In prosecution for theft of ring, allegation that ownership was in individual *held* not at variance with proof that such person and another were in business together and that business was company, where individual named was in actual possession of ring at time it was taken.

2. Larceny ⟨⟩12—"Fraudulent taking" means that person took property knowing it was not his, without consent of owner, and with intent to appropriate it.

In prosecution for theft, instruction defining "fraudulent taking" as meaning that per-

son taking knew at time that property was not his, that property was taken without owner's consent, and with intent to deprive him of its value and appropriate it, *held* proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraudulent Taking.]

**3. Criminal law ⚖1056(1)—In prosecution for theft, failure to submit case on theory of circumstantial evidence is not reviewable, in absence of exception.**

Where there was no exception to charge, in prosecution for theft, on ground that case was not submitted on theory of circumstantial evidence, such matter is not before appellate court, since failure to so submit case was not fundamental error.

**4. Criminal law ⚖1092(14)—Marking exception to charge "overruled" without certificate not sufficient to apprise appellate court that exceptions were timely.**

Marking exceptions to court's charge "overruled" is not sufficient to apprise appellate court that exceptions were presented to court at proper time, since certificate of trial judge, appended to document purporting to contain exceptions to charge, is required.

**5. Criminal law ⚖1086(14)—Refusal of special charges, not presented by notation of trial judge or separate bills of exception, held not reviewable.**

Refusal of special charges, in prosecution for theft, will not be reviewed, where no complaint of such refusal was made either by trial judge's notation on such charges or by separate bills of exception, reserved and presented in record.

**6. Larceny ⚖78—Instruction that defendant, taking ring by mistake, should be acquitted of theft, though afterward forming intention to appropriate it, held to sufficiently present theory of taking by mistake.**

In prosecution for theft, instruction that if defendant took ring in controversy by mistake jury should acquit, even though defendant thereafter formed intent to appropriate it, *held* to affirmatively present defensive theory of taking by mistake.

Appeal from District Court, Denton County; W. S. Moore, Judge.

J. G. Raney was convicted of theft, and he appeals. Affirmed.

Sullivan, Speer & Minor, of Denton, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robert M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Denton county of felony theft; punishment, two years in the penitentiary.

According to the state's theory of this case, appellant went into a jewelry store in the city of Denton and submitted to the jeweler a diamond ring for an appraisement of its value, and, during a conversation regarding same, said jeweler produced a ring belonging to him which was used for comparison. Being called to some other part of his place of business, the jeweler left his ring lying on the showcase. While he was absent, appellant left the store, taking the jeweler's ring with him. Presently missing his ring, the jeweler went to appellant's room in said city and there informed him that said ring was missing. Appellant took from his pocket a little box containing a ring which he exhibited to the jeweler, who looked at same; but affirmed that it was not his. The jeweler returned to his place of business and made further search for the ring, without success. He presently observed appellant get into a bus which ran between Denton and Dallas. He went out to where appellant was and was informed by the latter that he was going to Dallas to further investigate the value of his ring. As the bus containing appellant was entering the city limits of Dallas, two officers stopped it. One of them testified that he saw appellant drop something through the ventilator of the car. The ring belonging to said jeweler was found by the officers, after appellant's arrest, upon the floor of the car. The driver of the bus said that, upon observing the officers, appellant said they were looking for him. The defensive theory was a taking by mistake, appellant testifying that he had, in addition to his ring, a mounting for a ring which had no stone in it, in said jewelry store, and that when he left the place he put his own ring in his pocket, as he thought, and wrapped up in tissue paper said mounting and put it in his pocket also. He said that when said jeweler came to his room later for the ring in question, that he did not know that he had put the jeweler's ring in his pocket, and that the ring exhibited by him to the jeweler in said room was the jeweler's ring, in fact. He further testified that on his way from Denton to Dallas, while the driver of the bus was fixing some bit of machinery and the car was stopped, he discovered that he had taken the jeweler's ring by mistake and that he had it in his possession. He said he then concluded that he would carry the ring on to Dallas with him and later in the day would carry same back to Denton and return it to the owner. He explained his dropping the ring in the front of the car, when the officers stopped it, upon the theory that he did not want to be found in possession of the ring and be arrested for the theft and get unpleasant notoriety; that he preferred to lose the ring and pay the jeweler for it. The jeweler testified that the ring shown him by appellant in his room was not the ring which he had lost, but apparently the ring which belonged to appellant.

[1] Appellant insists that the allegation of ownership was not met by the proof. The allegation was of ownership in one Vannoy;

the proof showed that Vannoy and another were in business together, Vannoy owning the larger part of the business and his brother owning a minor interest. Vannoy said at one place that the business was a company. There seems no question of the fact that Vannoy was in actual charge of the store and in actual possession of the ring at the time it was taken, if it was. The authorities cited by appellant in his brief on this point seem to be entirely different on their facts. We are unable to agree with appellant's contention in this regard.

[2] The court told the jury in his charge that theft was the fraudulent taking of corporeal personal property, etc., and defined the words "fraudulent taking," as used in the charge, as meaning that the person taking knew at the time that the property was not his own; second, that the property was taken without the consent of the owner; and, third, that the property was taken with intent to deprive the owner of the value of same and to appropriate it to the use or benefit of the person taking. We observe no impropriety in this definition, either generally or under the facts of this particular case.

[3] Appellant complains that the court did not submit the case upon the theory of circumstantial evidence. There was no exception to the charge for such failure. There being no exception to the charge upon this ground, the matter is not before us. Such failure is not regarded as fundamental. Charles v. State, 85 Tex. Cr. R. 534, 213 S. W. 266; Givens v. State, 98 Tex. Cr. R. 651, 267 S. W. 725.

[4] The exceptions to the court's charge were merely marked "overruled." This is not sufficient. Gibbs v. State, 88 Tex. Cr. R. 485, 227 S. W. 1107. There must be some certificate of the trial judge appended to a document purporting to contain the exceptions to the charge, by which this court can be authoritatively apprised of the fact that the exceptions were presented to the court at the proper time. Gibson v. State, 88 Tex. Cr. R. 285, 225 S. W. 538. This does not appear to have been done in this case.

[5] There appear in the record a number of special charges, all but one of which were refused. Neither by any notation made by the trial judge upon said charges, nor by separate bills of exception reserved and presented in this record, is there any complaint of the refusal of said charges. So far as we are informed, the refusal of the court to give such charges was acceptable to the appellant.

[6] We are unable to agree with the proposition that the trial court did not affirmatively present the defensive theory of a taking by mistake. He gave special charge No. 3, which stated that if the appellant originally took the ring in controversy by mistake upon the belief that it was his own,

even though the jury should find and believe that he thereafter formed the intent to appropriate it to his own use and benefit, they could not convict, but should return a verdict of not guilty. We further observe in paragraph 9 of the main charge almost exactly the same language was used in an instruction to the jury there appearing.

Being unable to agree with appellant in any of his contentions, and finding no error in the record, the judgment will be affirmed.