## LON McNEILL v. THE STATE.

No. 11331. Delivered March 28, 1928.
Rehearing denied June 20, 1928.
Second rehearing denied October 3, 1928.

500

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year and six months.

The appeal was dismissed on a former day of this term because the record failed to affirmatively disclose that the judge trying the case had fixed the amount of the appeal bond. On authority of Wooten v. State, Number 11,401, this day decided, the appeal should be reinstated. It is, therefore, ordered that the opinion dismissing the appeal be withdrawn, and that the appeal be reinstated,

Considering the case on its merits, it appears that appellant pleaded not guilty to the offense of transporting intoxicating liquor, but admitted on the witness stand that he transported twelve bottles of beer from the residence of Mrs. Hill to the house where he roomed. He further testified that he and the state's witness, Jewel Chipman, drank the beer. The state's testimony showed that said liquor was intoxicating.

Appellant objected to the failure of the court to instruct the jury that the state's witness Jewel Chipman was an accomplice. The testimony of said witness was in no sense essential to the conviction of appellant. He admitted that he transported the liquor in question. In this condition of the record the matter complained of does not constitute reversible error. Jones v. State, 1 S. W. Rep. 2d Series, 617; Wilkerson v. State, 245 S. W. 430; Forson v. State, 234 S. W. 913; Fisher v. State, 197 S. W. 189.

By bill of exception Number 1 appellant complains of the refusal of the court to permit him to ask the state's witness Jewel Chipman if the beer in question was not in fact transported by him at her special instance and request for her use for medicinal purposes. The bill fails to show what the answer of the witness would have been and in such respect is insufficient to entitle it to consideration. Moreover, as qualified by the court it is shown that at the time the question was asked the witness had been recalled by the state for the purpose of proving venue, and that both appellant and the state's witness had already testified that the beer had been transported for beverage purposes. The bill fails to manifest error.

Bill of exception Number 2 is insufficient. "A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections." Branch's Annotated Penal Code, of Texas, page 134.

By bill of exception Number 3 appellant complains of the action of the court in permitting the state to ask the state's witness Jewel Chipman leading questions. The court's qualification of the bill shows that Jewel Chipman was an unwilling witness and unfriendly to the state and that under such circumstances it was deemed necessary to permit the district attorney to ask her leading questions in order that the truth of the matters inquired about might be elicited. As qualified, the bill fails to manifest error.

Other questions are presented which we have not undertaken to discuss.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that our opinion was wrong wherein we said that there was testimony showing that the beer transported by him was intoxicating. Both appellant and Miss Chipman testified that he transported beer from the home of Mrs. Hill on a certain Monday. Miss Chipman further swore: "I got drunk on that beer." It is not quite clear whether she was referring to the beer had by her before she left the home of Mrs. Hill, or that carried away from there by appellant, but the record shows all the beer to have been made by one Marshall, and presumably to be the same kind of liquor. Miss Chipman also swore appellant carried twelve bottles of the beer away from Mrs. Hill's, and appellant gave the same testimony. At another place appellant testified as follows: "I was not drunk Monday afternoon. I was drinking. I was somewhat intoxicated * * * I had been drinking some beer we had there." The testimony seems ample to justify the conviction for transporting intoxicating liquor.

There is nothing in appellant's complaint of the refusal of a charge on accomplice testimony. Nothing shows any connection of Miss Chipman with the liquor alleged to have been transported, other than that she may have been in the car with appellant while he was taking same away from the home of Mrs. Hill. A co-transporter is not an accomplice.

There is a bill of exceptions complaining of the refusal of the court to allow appellant to ask Miss Chipman a number of questions pertaining to the main case, when she was put back on the stand, after the evidence had closed, for the purpose of being asked a question in regard to venue. These are matters largely within the discretion of the court. Art. 643, C. C. P.; Vineyard v. State, 96 Texas Crim. Rep. 401; Johnson v. State, 67 Texas Crim. Rep. 441; Spence v. State, 80 Texas Crim. Rep. 283.

We perceive no error in allowing Mrs. McGowen to state what she saw, smelled and heard on the Monday when Mrs. Hill's place was

raided. She had already testified that appellant was at Mrs. Hill's house all during that day. Nor can we agree with appellant's contention that the State did not have the right to ask leading questions of Miss Chipman. She was manifestly a witness favorable to appellant. She admitted that she had entered into an agreement with him on the day of this trial to be his common law wife.

The motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The validity of the statute creating the Commission of Appeals to aid the Court of Criminal Appeals was upheld by the opinion of this court in Jackson v. State, 103 Tex. Crim. Rep. 318, 280 S. W. Rep. 202, and by the Supreme Court of the United States, as appears from the memorandum opinion in 271 U. S. 661, 70 L. Ed. 1138.

The fact that the witness Chipman may have been a co-transporter with the appellant did not render it incumbent upon the court to charge on accomplice testimony for the reason that by Art. 607, P. C., 1925, a co-transporter of intoxicating liquor is exempted from the operation of the accomplice witness statute. See Bailey v. State, 100 Tex. Crim. Rep. 110; Dean v. State, 102 Tex. Crim. Rep. 646; Currie v. State, 102 Tex. Crim. Rep. 653.

The application to file a second motion for rehearing is refused.

*Refused.*