**Otis SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43649.**

Court of Criminal Appeals of Texas.

April 20, 1971.

William O. Murray, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway and Sparta Bitsis, Asst. Dist. Attys., San Antonio and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at 20 years.

The appellant challenges the sufficiency of the indictment and the sufficiency of the evidence.

The indictment, omitting the formal parts, alleges that:

"On or about the 25th day of June A.D. 1969, and anterior to the presentment of this indictment, in the County of Bexar and State of Texas, Otis Smith did then and there unlawfully make an assault in and upon Glenn Keller and did then and there by the said assault, and by violence to the said Glenn Keller and by putting the said Glenn Keller in fear of life and bodily injury, and by then and there using and exhibiting a firearm, to-wit: a pistol, fraudulently, and without the consent of the said Glenn Keller take from the person and possession of him, the said Glenn Keller certain property, to-wit: Lawful money of the United States of America the same being the property of the said Glenn Keller with the intent to deprive the said Glenn Keller of the same, and to appropriate the same to his, the said Otis Smith's own use * * *."

This indictment charges the commission of an offense in ordinary and concise language and meets all requirements of Art. 21.02, of the Vernon's Ann.Code of Criminal Procedure. We find that it is in all respects sufficient.

The State's evidence tended to show that Glenn Keller, a route driver for the Lone Star Brewing Company, and his helper, Larry Friesenhahn, delivered some beer to the Soul Kitchen at about 2 o'clock p. m. on June 25, 1967, and that when they left the appellant confronted them with a pistol. The appellant stuck the pistol at Keller's head and demanded their money. Friesenhahn gave him the money which they had in the truck, which was about $900. Both victims plus another witness, Sandra Fuller, identified the appellant as the robber.

This evidence is sufficient to support a conviction for the offense charged in the indictment.

There being no reversible error, the judgment is affirmed.