**Freddie Lee COX, Appellant,**

v.

**T,he STATE of Texas, Appellee.**

**No. 46246.**

Court of Criminal Appeals of Texas.

May 16, 1973.

William W. Keas, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Robert D. Thrope, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction is for robbery by assault; the punishment, fifteen (15) years.

Appellant was convicted by a jury on his plea of not guilty of robbing Joe A. Wood in Corpus Christi on May 4, 1971. Wood testified that he met appellant about midnight in the Rickshaw Lounge, after which they went to the Party Doll Lounge, the Club Alabam, and then to some apartments where appellant turned a knife on him and took his money. The manager of the Club Alabam testified that she saw appellant and a white male at her club in the early morning hours of May 4, and a taxi driver said he drove appellant from the apartments where the robbery allegedly occurred to his home in the early morning hours of that date. All witnesses positively identified appellant.

Appellant's court appointed counsel has filed a brief in which he concludes that this

appeal is frivolous. Counsel has so informed appellant, and furnished him with a copy of the transcript and statement of facts, and told him of his right to file a pro se brief, all in full compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, Tex. Cr.App., 436 S.W.2d 137. No such brief has been filed.

Nevertheless, counsel has presented for the consideration of this Court four grounds of possible error, which we will briefly discuss.

1. It was not an abuse of discretion for the court to permit the State to reopen for the purpose of proving venue after both sides had rested. Art. 36.02, Vernon's Ann. C.C.P.; Ford v. State, 97 Tex.Cr.R. 55, 261 S.W.2d 141; McNeill v. State, 110 Tex. Cr.R. 499, 7 S.W.2d 559, 9 S.W.2d 333; Martin v. State, 160 Tex.Cr.R. 364, 271 S.W.2d 279.

2. The indictment was not defective where it described the property taken as "money of the United States of America," without stating the amount. Rodgers v. State, Tex., 448 S.W.2d 465, certiorari denied, 400 U.S. 851, 91 S.Ct. 72, 27 L.Ed.2d 89; Byrd v. State, Tex.Cr.App., 456 S.W. 2d 931; Smith v. State, Tex.Cr.App., 465 S.W.2d 766.

3. The court correctly charged on the failure of the appellant to testify, and that the indictment was not to be considered by the jury as any evidence of guilt, and did not err in failing to use the exact words on these subjects as requested by appellant.

4. Since the injured party and the two other witnesses positively identified appellant, the case was not one of circumstantial evidence, and the court did not err in failing to charge thereon.

We find no error, and affirm the judgment.

Opinion approved by the Court.